In the matter of the appeal from the decree of the orphans
   court of the county of Morris, deciding and holding that
   the widow of GEORGE TONKIN, deceased, is entitled to
   dower, and commissioners will be appointed in the mat-
   ter of the estate of GEORGE TONKIN, deceased.

[Submitted May term, 1928.   Decided October 15th, 1928.]

1. An appeal from a decree of the orphans court, in proceedings
for the assignment of dower, taken more than twenty days after the
court's finding in the widow's favor, but within the twenty-day
period after the decree confirming the report of the commissioners
appointed to assign dower, *held*, timely, under *2 Comp. Stat. 1910
p. 2050 § 20*, permitting appeal by the widow within twenty days
after final judgment, inasmuch as the order confirming the report
of the commissioners is the judgment or decree from which the
appeal lies.

2. The right given by the testator to his widow under his will, of
using two rooms of a certain house as her home during her lifetime,
constitutes a devise of lands in lieu of dower, though not so expressly
stated in the will, and the widow, having failed to file a dissent in
writing within six months, was bound thereby and cannot have dower
assigned under *2 Comp. Stat. 1910 p. 2048 § 16*.

On appeal from the prerogative court.

*Messrs. Dolan & Dolan,* for the appellant.

*Messrs. King & Vogt,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

This is an appeal from a decree of the prerogative court
affirming a decree of the Morris county orphans court, assign-
ing dower and setting off lands in accordance therewith to
Nancy Tonkin, the widow of George Tonkin, who died seized
and possessed of four parcels of land.   By his last will and
testament he provided that his widow should have the house-

hold furniture and articles of personal adornment, $1,000 in cash and a one-half interest in an automobile; that his son, George, should have the testator's interest in a store building and the business; that his daughter Lillian Hoffman should have a double house and lot on White Meadow avenue, known as the "Homestead."

Item fifth provided—

"I give, devise and bequeath to my daughter Mabel Best the house and lot on White Meadow avenue, in which the said Mabel Best and family are now living, and in which my wife and I also live, to her, her heirs and assigns. This bequest is made subject to the condition that my said wife, Nancy Tonkin, shall have the use of two rooms, to be used by her as her home, during the term of her natural life, if she so long remains my widow * * *."

All the rest of his estate is given to his widow and children. It is conceded that no real estate passed by the residuary clause of the will, and that the widow did not file her dissent in writing to any devise of lands in lieu of dower as required by the act entitled "An act relative to dower." *2 Comp. Stat. p. 2043 § 16.*

The questions presented to the court below are the same as presented here, and they are two in number.

1. That the appeal from the decree of the orphans court was not taken within the time fixed and limited by the statute entitled "An act relative to dower," *supra.*

Section 20 of that statute provides—

"That it shall be lawful for any widow * * * who shall conceive * * * herself aggrieved by the proceedings, judgment or decree under this act, of any orphans court, at any time within twenty days after the final judgment or decree, to give notice in writing of the causes of complaint, and of * * * her intention to apply to the surrogate general at the next stated term * * * who shall review the proceedings, judgment or decree complained of * * *."

George Tonkin died January 20th, 1924. His will was admitted to probate February 5th, 1924. His widow, Nancy Tonkin, on June 4th, 1925, gave notice to all parties in ininterest that, on June 26th, 1925, she would make application to the orphans court of Morris county for the appoint-

ment of commissioners to assign to her dower in the lands of which her husband died seized.  Her verified petition was filed June 26th, 1925.  The judge of the orphans court filed the following conclusion:

"While the question presented is not without difficulty in solving, yet this court will decide and hold the widow entitled to dower and commissioners will be appointed."

The record before us does not contain the order appointing commissioners, nor does it disclose the date of the foregoing finding.  The brief of respondent contains the statement that this finding of the judge of the orphans court was entered May 28th, 1926.

The order affirming the report of the commissioners (which report does not appear in the state of the case) is dated September 17th, 1926.  The notice of appeal bears date October 5th, 1926.

The contention of the respondent is that the notice of appeal should have been directed at the finding of the orphans court, said to have been made May 28th, 1926, and not the decree confirming the report of the commissioners made September 17th, 1926.  As to the latter the notice was timely; as to the former it was not.

But we conclude that this contention of the respondent, measured by the provisions of the statute in question, is not sound, but that the order confirming the report of the commissioners is the judgment or decree from which an appeal lies.  This was the finding of the learned vice-ordinary who heard the appeal, and in such conclusion we concur.

2.  The remaining ground of appeal is that the right of use by the widow, for her natural life or widowhood, in the house located upon the lands devised to Mabel Best, by the fifth paragraph of the will of respondent's husband, in law, is a devise of lands and is in lieu of dower although not so expressly stated by the will, and if that be so she is bound by it because she did not file her dissent in writing within six months from the probate of the will.

The learned vice-ordinary held that under the will there was no devise to the widow; that to divest her of dower there must be a devise to her of a legal estate in lands, and that

where the devise is to another, as a sort of trustee, the statute does not apply, and the widow is not put to an election.

With these conclusions we do not agree.

In *White* v. *White, 16 N. J. Law 202,* it was held that the use of a room in testator's dwelling house was a devise in lieu of dower. There the language employed was:

"I give and bequeath to my wife * * * all the property that she had or brought with her when I married her and I further order that she shall have one room in my dwelling house * * * during her natural life or widowhood, and I give and bequeath unto my two sons all my lands and buildings * * *."

This case is cited by Vice-Chancellor Stevenson in *Moore* v. *Moore (Gordon), 84 N. J. Eq. 39,* and again by Mr. Justice Swayze, in his opinion, delivered for this court, in affirming the decree (*85 N. J. Eq. 150*) advised by that learned vice-chancellor.

In *White* v. *White, supra,* the use of one room was held to bar the widow's dower in a hundred acres of land. That case was decided in 1837, and since then such a provision has been held to be such a devise of an estate in lands as to bar dower.

Prior to 1820 the question always was, could an intention be found in the will that its provisions in favor of the widow were, or were intended to be, in lieu of her dower?

But said this court in *Moore* v. *Gordon, supra:*

"The statute (*Comp. Stat. p. 2048 § 16*) was passed in 1820 for the purpose, as Chancellor Vroom said in *Stark* v. *Hutton, 1 N. J. Eq. 216* (at *pp. 227, 228*), of establishing a plain rule, simple in its terms, and definite in its results, to do away with the difficulties in the construction of wills and in ascertaining and settling the rights of parties, where the widow claimed as devisee and dowress. The question is not the value of the devise to the widow, whether greater or less than the value of her dower, since she is left free to take the dower if she prefers. The important object to be accomplished by the act was to make certain the title of other devisees after the lapse of the six months allowed the widow to exercise her choice."

Judged by these long-established precedents, there was, in the case before us, under respondent's husband's will, a devise

to her of an estate in lands, and, therefore, under the statute it was a devise in lieu of her dower unless she dissented thereto in the manner and time provided by the statute, which she failed to do, and, therefore, could not have her dower assigned.

The decrees below are therefore reversed, with costs.

*For affirmance*—WHITE, J.   1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   14.